UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
DUANE JOSEPH JOHNSON,              )
Reg. #09202-007                    )
FCC PETERSBURG MEDIUM              )
P O  Box 90043                     )    Case: 1:08-mc-00457
PETERSBURG, VA 23804               )    Assigned To : Kennedy, Henry H.
                   Plaintiff,      )    Assign. Date : 7/11/2008
        v                          )    Description: Miscellaneous
                                   )
HONORABLE FREDERICK J. SULLIVAN,   )
SUPERIOR COURT OF THE              )    PETITION FOR LEAVE TO PERPETUATE
DISTRICT OF COLUMBIA               )    THE TESTIMONY OF THE HONORABLE
500 INDIANA AVENUE N.W.            )    FREDERICK J. SULLIVAN
WASHINGTON, D.C. 20001             )
                   Defendant.      )
```

**Plaintiff alleges as follows:**

### JURISDICTION AND PARTIES

1) Plaintiff Duane Joseph Johnson is a resident of Petersburg, Virginia

2) Defendant Frederick J. Sullivan is a resident of the District of Columbia.

3) Defendant Frederick J. sullivan ("Defendant") does business in the District of Columbia.

4) The Court has jurisdiction of this matter under the provisions of Rule 27, Federal Rules of Civil Procedure. Extraordinary Circumstances require perpetuation of Defendant's testimony. The Court also maintains jurisdiction pursuant to Title 28 U.S.C. § 1331 because the instant civil action relates to a law of the United States. The Court also has proper venue.

### GENERAL ALLEGATIONS

5) From May of 1994 until June 1996, Defendant--acting as an attorney--representend Plaintiff Duane Joseph Johnson ("Plainfiff")

RECEIVED
JUN 2 6 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

-1-

in criminal proceedings in the Superior Court of the District of Columbia and the District of Columbia Court of Appeals.

6) Defendant was Plaintiff's trial and Appellate attorney at the time Plaintiff was convicted in the Superior Court of the District of Columbia; Defendant was also Plaintiff's appellate attorney at the time Plaintiff's convictions were affirmed by the District of Columbia Court of Appeals.

7) After being sentenced to life in prison, Plaintiff became disabled as elucidated by D C Code §§ 12-301, 12-302(a)(3); Plaintiff currently receives counseling from a psychologist because Plaintiff has been diagnosed as being in a state of depression

8) Plaintiff expects to be a party to an action in, including but not limited to, the United States District Court for the District of Columbia. However, Plaintiff is not able to commence his action or cause it to be commenced due to his disability (incarceration).

9) The expected action relates to, including but not limited to: Malpractice; Plaintiff has an interest in the expected action because Plaintiff was damaged by Defendant's legal services.

10) It is imperative for Plaintiff to perpetuate Defendant's testimony because Defendant is over the age of sixty and may not be available to give his deposition or testimony, at an undeteriminable date.

11) In a recent extrajudicial proceeding before the Office of Bar Counsel, Defendant demonstrated that the passage of time is causing his memory to fade in relation to relevant facts connected with Plaintiff's expected action. See Attachment A (Defendant's response to Bar Counsel's investigation). Defendant's fading memory may cause Defendant to be less likely to cooperate in the future.

12) Upon information and belief, Plaintiff believes that the District of Columbia; United States; United States of America; and Defendant Frederick J. Sullivan will be adverse parties to this action. The foregoing potential adverse parties are government corporations, except that Defendant is a government official. Plaintiff does not know the exact addresses of the aforesaid corporations, except that the address for the United States and the United States of America may be as follows:

> JUDICIARY CENTER
>
> 555 4th Street N.W.
> Washington, D.C. 20530

13) It is imperative that Plaintiff depose Defendant.

14) Defendant Frederick J. Sullivan's last known address is as follows:

> HONORABLE FREDERICK J. SULLIVAN
> SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
> 500 INDIANA AVENUE N.W.
> WASHINGTON, DC 20001

### SUBSTANCE OF TESTIMONY SOUGHT

15) Plaintiff expects to elicit the following testimony from Defendant but not limited thereto:

a. that Defendant did admit to the Office of Bar Counsel that Defendant represented Plaintiff in a criminal matter before the Superior Court of the District of Columbia and the District of Columbia Court of Appeals after having previously represented Victor Jeffery Williams, an adverse party to Plaintiff, in a criminal matter before the Superior Court of the District of Columbia;

b. that Defendant did intentionally or negligently violate or breach a law of the District of Columbia and a law of the United States during Defendant's representation of Plaintiff before the Superior Court of the District of Columbia and the D.C. Court of Appeals;

c. that Defendant did intentionally or negligently fail to call potential defense witnesses during Plaintiff's criminal trial, although defendant had promised Plaintiff and the jury that Defendant would present testimony from witnesses that would have supported Plaintiff's defense;

d. that Defendant did intentionally or negligently faiul to prepare Plaintiff before allowing Plaintiff to testify during a criminal proceeding, in the Superior Court of the District of Columbia wherein Plaintiff was on trial;

e. that Defendant did intentionally or negligently fail to inform Plaintiff that Defendant had previously represented a government witness (Victor Jeffery Williams) who was testifying against Plaintiff in a criminal matter before the Superior Court of the District of Columbia wherein Defendant was representeing Plaintiff;

f  that Defendant did intentionally or negligently fail to use relevant impeachment evidence, available to Defendant, during Defendant's representation of Plaintiff in a criminal matter before the Superior Court of the District of Columbia;

g. that Defendant intentionally or negligently failed to renew Plaintiff's Motion for Judgment of Acquittal in a criminal matter before the Superior Court of the District of Columbia, wherein Defendant was representing Plaintiff;

h. that Defendant intentionally or negligently failed to inform Judge Colleen Kollar-Kotelly that former Assistant U.S. Attorney Steven S. McCool suppressed material evidence in a criminal matter before the Superior Court of the District of Columbia wherein Defendant was representing Plaintiff because Plaintiff was on trial;

i. that Defendant intentionally or negligently failed to present argument before the District of Columbia Court of Appeals that former Assistant U.S. Attorney Steven S. McCool suppressed material evidence in a criminal matter before the Superior Court of the District of Columbia wherein Defendant was representing Plaintiff because Plaintiff was on trial; and

j. that Defendant's testimony form a 1999 evidentiary hearing before the Superior Court of the District of Columbia, regarding the effectiveness of Defendant's prior representation of Plaintiff, in a criminal matter before the aforesaid court, would be conclusive evidence in support of Plaintiff's expected action for, including but not limited to: malpractice.

16) Defendant is the only witness who can testify about his "subjective" state of mind during his legal representation of Plaintiff before the Superior Court of the District of Columbia and the District of Columbia Court of Appeals, whereas Defendant labored under a conflict of interest

17) The perpetuation of Defendant's testimony may prevent a failure or delay of justice in Plaintiff's expected action and pending post-conviction criminal proceedings before the Superior Court of the District of Columbia pursuant to D.C. Code § 23-110.

**WHEREFORE**, Plaintiff request that the Court enter judgment in favor of Plaintiff allowing Plaintiff to depose Defendant by propounding Request for Admissions and Interrogatories upon said Defendant or depose Defendant in any other manner upon which the Court deems suitable.

RESPECTFULLY SUBMITTED this 10th day of June, 2008.

DUANE JOSEPH JOHNSON. Plaintiff
#09202-007
FCC PETERSBURG MEDIUM
P O BOX 90043
PETERSBURG, VA 23804

## VERIFICATION

Plaintiff Duane Joseph Johnson, declare under penalty of perjury, as provided by 28 U.S C § 1746 that: he is the Plaintiff in the above-entitled action; that he has read the foregoing Petition and the allegations thereof are true of Plaintiff's own knowledge, except such allegations as are made upon information and belief, and the Plaintiff believes to be true.

DUANE JOSEPH JOHNSON, Plaintiff

# OFFICE OF BAR COUNSEL

*Serving the District
of Columbia Court
of Appeals and its Board
on Professional
Responsibility*

Wallace E. Shipp, Jr.
Bar Counsel

*Deputy Bar Counsel*
Elizabeth A. Herman

*Senior Assistant Bar Counsel*
Julia L. Porter
Judith Hetherton

*Assistant Bar Counsel*
Joseph N. Bowman
Ross T. Dicker
Gayle Marie Brown Driver
Catherine L. Kello
Asma Naeem
H. Clay Smith, III
Traci M. Tait

*Staff Attorney*
Lawrence K. Bloom
William Ross
Becky Neal

DCBAR

June 5, 2007

**CONFIDENTIAL**

Duane J. Johnson
ID Number 09202-007
FCI Petersburg Medium
Post Office Box 90043
Petersburg, VA 23804

Re:  Sullivan/Johnson
     Bar Docket No. 2007-D103
     *Your response is due: 06/19/07*

Dear Mr. Johnson:

Enclosed is a copy of Magistrate Judge Sullivan's answer to your complaint in the above-referenced matter.

If you disagree with any of the statements made by the Judge, or if you have any additional evidence, please provide us with your written reply by *June 19, 2007.*

If we do not hear from you promptly, we may assume that you are satisfied with the attorney's explanations. If you have a question or need assistance in preparing your response, please call the undersigned at (202) 638-1501. Please refer to the above docket number in all correspondence and telephone calls.

Sincerely,

Elizabeth A. Herman
Deputy Bar Counsel

EAH:jnb

Enclosure: Magistrate Judge Sullivan's response dated May 31, 2007

---

May 31, 2007
500 Indiana Avenue, NW
Washington, DC 20001

Elizabeth A. Herman
Deputy Bar Council
Office Of Bar Council
515 5th St, NW, Building A, Room 117
Washington, DC 20001

Re: *Sullivan\Johnson*
    Bar Docket No. 2007-D103

Dear Ms. Herman:

I have reviewed the allegations contained in a letter regarding my representation written to you by Duane Johnson dated March 7, 2007. Mr. Johnson (or his representative) received my file several years ago (Mr. Johnson has collaterally attacked his convictions several times). That file contained all of the documents and transcripts which I would require to fully answer this complaint. I would welcome the opportunity to do so if Mr. Johnson would return the complete file to me. Otherwise, my response is based on memory and the skeletal files I have at my disposal.

I represented Mr. Johnson approximately twelve years ago on an indictment charging him with first-degree murder and other offenses in Superior Court Cr. No. F-4696-94. Ten years prior to that, I represented a man named Victor J. William (this is the spelling contained in my database) in Superior Court Cr. No. F-9257-85. Mr. William(s) was charged with first-degree burglary, which was ultimately recharged as unlawful entry and petty theft to which Mr. William(s) entered guilty pleas. I don't recall what, if any, part Victor J. Williams (as identified by Mr. Johnson) played in the trial. Any information regarding his bad acts, if relevant to his testimony or Mr. Johnson's defense, would have come from the government as "Brady" material. The only information I had available to me with regard to Victor J. William(s) and Superior Court Cr. No. F-9257-85 was as stated above because my file with regard to Mr. William(s) had already been discarded prior to Mr. Johnson's trial. My present recollection is that if I had represented a witness who testified in Mr. Johnson's trial, I did not know it at the time, because had I known it, it would have been disclosed on the record. There certainly was no division of loyalty, nor was I aware of any "bad acts" that were not used to support Mr. Johnson's defense, whatever it was (I don't believe that unlawful entry and petty theft convictions are bad acts relevant to self-defense).

515 5th Street NW, Building A, Room 117, Washington, DC 20001 ■ 202-638-1501, FAX 202-638-0862

Duane Joseph Johnson
Reg. #09202-007
FCI PETERSBURG MEDIUM
POB 90043
Petersburg, Va 23804

June 11, 2007

Office of Bar Counsel
Elizabeth A. Herman, Esq.
555 5th Street, N.W. Building A, Room 17
Washington, DC 20001

Re: Sullivan/Johnson
Bar Docket No. 2007-d103

Dear Ms. Herman:

I have examined the Honorable Judge Sullivan's response to the allegations in my complaint dated March 7, 2007. the copy of the Judge's response that I received was not signed by the judge. Please send me a copy of the Honorable Judge Sullivan's response that depitct his signature. Next, in regards to my reply to the Honorable Judge Sullivan's response, I proffer the following:

1) I never received a file from the Honorable Judge Sullivan several years ago;

2) I never had any representative retrieve a file from the Honorable Judge Sullivan several years ago;

3) The Honorable Judge Sullivan's failure to correctly spell Victor J. Williams last name for purposes of his data base was negligent;

4) The last time the Honorable Sullivan represented Victor J. Williams was in 1987, eight years prior to representing me;

5) While Victor J. Williams was represented by the Honorable Judge Sullivan, he was indicted for first-degree burglary while armed and robbery while armed. See Copy of Victor J. Williams indictment attached hereto as Attachment A;

6) The Honorable Judge Sullivan did not inform the bar that his former client was indicted for committing the foregoing offenses while armed. He even excluded the fact that his former client Mr. Williams was indicted for the robbery while armed;

Elizabeth Herman
Bar Docket No. 2007-D103
Page 2

7) The indictment reveals the names of the victims Mr. Williams committed said crimes against;

8) The foregoing "bad acts" that Mr. Williams was indicted for could have been used to support my defense of self-defense under Rule 404(b), Federal Rules of Evidence. The D.C. Court of Appeals has acknowledged the applicability of the Federal Rules of Evidence in Criminal Proceedings in the Superior Court;

9) If the Honorable Judge Sullivan is asserting in his response that the government did furnish him with the foregoing "bad acts" of Mr. Williams at the time of my trial, it is lurid that Judge Sullivan would not use such bad acts to support my defense that Mr. Williams had in fact attempted to rob me while he was armed;

10) In the alternative, if the Honorable Judge Sullivan is saying that the government did not provide him with such "bad acts" about Mr. Williams pursuant to "Brady" at the time of trial, then it is clear that Assistant U.S. Attorney Steven S. McCool violated Rule 3.8, Rules of Professional Conduct. Also, Sullivan would be in violation of these Rules aside from the instant violations because he did not alert the Bar of Assistant U.S. Attorney Steven S. McCool's illicit activity.

11) Finally, the Honorable Judge Sullivan knew of the conflict of interest and conspired with Assistant U.S. Attorney Steven S. McCool to keep the conflict secret. The Honorable Judge Sullivan had a duty to avoid conflicts. The Honorable Judge Sullivan intentioanlly fostered "lapses" in his representation of Mr. Johnson in order to put him at a disadvantage during trial and direct appeal.

I hope this information is useful with your investigation. If I could be of any further assistance, please don't hesitate to contact me.

Sincerely yours,

w/Enclosure

Acknowledgement: _____
                    Chester Wright

# OFFICE OF BAR COUNSEL

Serving the District
of Columbia Court
of Appeals and its Board
on Professional
Responsibility

Wallace E. Shipp, Jr.
Bar Counsel

Deputy Bar Counsel
Elizabeth A. Herman

Senior Assistant Bar Counsel
Julia L. Porter
Judith Hetherton

Assistant Bar Counsel
Joseph N. Bowman
Ross T. Dicker
Gayle Marie Brown Driver
Catherine L. Kello
Hamid Naseem
Becky Neal
William Ross
H. Clay Smith, III
Traci M. Tait

Staff Attorney
Lawrence K. Bloom

DCBAR

July 23, 2007

<u>CONFIDENTIAL</u>

Mr. Duane J. Johnson
ID Number: 09202-007
FCI Petersburg Medium
Post Office Box 90043
Petersburg, VA 23804

Re:   Sullivan/Johnson
      Bar Docket No. 2007-D103

Dear Mr. Johnson:

This office has completed its investigation of the complaint in this matter. We have evaluated this matter in light of an attorney's obligations as set forth in the District of Columbia Rules of Professional Conduct ("Rules"). It is the burden of our office to find clear and convincing evidence of a violation of the Rules in order to sustain a disciplinary proceeding against an attorney. "Clear and convincing" evidence is more than a mere preponderance of the evidence, which would be sufficient in a civil proceeding. We do not find such evidence in our investigation of the matter and therefore, we must dismiss the matter.

We opened an investigation based upon your allegation that Judge Sullivan, now the Honorable Magistrate, represented you in a criminal matter in which you claimed self defense. You state that Judge Sullivan previously had represented the government witness and he failed to use this witness' prior record to impeach him with prior violent acts.

Judge Sullivan responded that he represented you approximately twelve years ago and represented the government witness approximately eight years before he represented you. He states that he no longer has his files for your case or for the government witness' case. Further, Judge Sullivan states that at the time of your trial, he had no memory of previously representing the government witness but if there had been prior bad acts or

Mr. Duane J. Johnson
Bar Docket No. 2007-D103
Page 2

convictions, he would have obtained such information from the government as part of discovery. Further, Judge Sullivan states that he would have disclosed the prior representation if he had been aware of it.

We sent you a copy of Judge Sullivan's response. You replied that although the government witness was convicted of unlawful entry and petty larceny, he had been indicted for armed robbery and burglary while armed which would have been helpful for your defense.

We cannot prove that Judge Sullivan was aware of his prior representation or the charges that had been pending against the government witness in your case. Further, it is not clear that the witness could have been impeached with the offenses he had initially been charged with, but never convicted of, and which had occurred at least eight years before your trial. This is a legal question which we will not attempt to answer here and if Judge Sullivan was incorrect or unaware of the initial indictment, this would not, in and by itself, rise to the level of an ethics violation. Finally, you state that Judge Sullivan and the prosecutor conspired against you. We are aware of no evidence that supports this charge.

We trust that this letter adequately advises you of the basis of our decision to terminate our investigation and to dismiss this matter.

Sincerely,

Elizabeth A. Herman
Deputy Bar Counsel

EAH:jnb

cc:   Magistrate Judge Sullivan

515 5th Street NW, Building A, Room 117, Washington, DC 20001 ■ 202-638-1501, FAX 202-638-0862